JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Capri Lewis, appeals the conviction and sentence issued in the Court of Common Pleas, Criminal Division. Upon our review of the arguments of the parties and the record presented, we affirm the judgment of the trial court for the reasons set forth below.
 {¶ 2} Capri Lewis ("Appellant") is the paternal half-sister of the victim. An altercation between the two sisters erupted on the night of February 23, 2002 in the parking lot of St. Joseph School, which is located on East 147 Street and St. Clair Avenue. Appellant claimed that the victim owed her $50, which the victim refused to pay due to some damage appellant had caused at her residence. Appellant and several male acquaintances approached the victim and her friends, and a physical fight broke out. Appellant struck the victim with what appeared to be a black iron pole, approximately two feet in length, while her male companions struck the victim's brother. Eventually 15 to 20 people became involved in the fight, punching and kicking the victim and her brother. The victim's cousin eventually came to her aid and escorted her to the hospital where she received 14 stitches for a scalp laceration and was treated for a black eye and a bruised lip and knee.
 {¶ 3} Appellant was indicted on April 9, 2002 on two counts of felonious assault, pursuant to R.C. 2903.11(A)(1) and (A)(2), respectively. A jury trial began on September 11, 2002, and the jury returned a guilty verdict as to count one of the indictment on September 16, 2002. The trial court subsequently sentenced appellant to two years at the Ohio State Reformatory for Women.
 {¶ 4} The appellant presents four assignments of error for our review. The first assignment of error states:
 {¶ 5} "I. Capri Lewis Was Deprived Of Her Constitutional Right To A Fair Trial Before An Unbiased Jury When The Trial Court Improperly Instructed The Jury To Continue Its Deliberations."
 {¶ 6} Appellant's trial counsel failed to object to the jury instruction in question. Failure to object to a jury instruction waives any claim of error relative to that instruction unless, but for the error, the outcome of the trial clearly would have been otherwise. Statev. Underwood (1983), 3 Ohio St.3d 12; State v. Nolling (2002),98 Ohio St.3d 44.
 {¶ 7} We therefore examine the jury charge for plain error. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v. Tichon (1995),102 Ohio App.3d 758, 767. Moreover, plain error does not exist unless the appellant establishes that the outcome of the trial clearly would have been different but for the trial court's allegedly improper actions.State v. Waddell (1996), 75 Ohio St.3d 163, 166. Notice of plain error is to be taken with utmost caution, under exceptional circumstances, and only to prevent a manifest miscarriage of justice. State v. Phillips
(1995), 74 Ohio St.3d 72, 83.
 {¶ 8} The Ohio Supreme Court, in State v. Howard (1989),42 Ohio St.3d 18, 537 N.E.2d 188, approved a supplemental charge to be given to juries that have become deadlocked on the question of conviction or acquittal. The Howard charge states:
 {¶ 9} "The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide this case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine their positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors." Howard at 25, 26.
 {¶ 10} Appellant argues in the instant case not that the court failed to issue a Howard charge, but that the language given to the jury was not read verbatim from Howard and that the trial court added introductory language which had the effect of increasing coerciveness where the jury was concerned. We disagree. This court, in State v.Williams, noted the following in considering the Howard charge:
 {¶ 11} "While we acknowledge that the better practice for trial courts would be to simply read the suggested format laid out in Howard, we do not find the variance [therefrom] * * * dispositive. Rather, the charge read to the jury * * * [should contain] all of the essential elements of the Howard charge to insure that it was balanced and neutral.
 {¶ 12} "The charge set forth in Howard was merely a suggestion posed by the supreme court. It is not an absolute mandate for lower courts to follow. Nonetheless, any supplemental charge given by a lower court must, at a minimum, satisfy the stated goals of the suggested Howard
charge. These goals are 1) to encourage a verdict where one can conscientiously be reached and, 2) be balanced enough to allow jurors to reconsider their opinions in light of the fact others do not agree." (July 5, 1995), Cuyahoga App. No. 66864 at 22; Howard, 42 Ohio St.3d 18
at 25.
 {¶ 13} We find the trial court's instruction to the jury in the instant case was balanced, neutral and not coercive. The charge given in the instant case comports with the goals of Howard, and there is no plain error; therefore, this assignment of error has no merit and is overruled.
 {¶ 14} "II. Capri Lewis Was Deprived Of Her Liberty Without Due Process Of Law By Her Conviction For Felonious Assault As It Was Not Supported By Sufficient Evidence To Prove Her Guilt Beyond A Reasonable Doubt."
 {¶ 15} In State v. Jenks (1991), 61 Ohio St.3d 259, the Ohio Supreme Court re-examined the standard of review to be applied by an appellate court when reviewing a claim of insufficient evidence:
 {¶ 16} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia (1979),443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, followed.)" Id. at ¶ 2 of the syllabus.
 {¶ 17} More recently, in State v. Thompkins (1997),78 Ohio St.3d 380, the Ohio Supreme Court stated the following with regard to "sufficiency" as opposed to "manifest weight" of the evidence:
 {¶ 18} "`[S]ufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law.' Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain the conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388,124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560." Id. at 386-387.
 {¶ 19} Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988), 39 Ohio St.3d 147. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine. State v. DeHass
(1967), 10 Ohio St.2d 230.
 {¶ 20} In the instant case, there exists sufficient evidence to uphold the appellant's conviction. The state presented five witnesses, including the victim, who testified that they saw the fight in question and that the appellant was responsible for the injuries to the victim. Appellant presented three witnesses on her behalf who testified that they were unaware of how the victim was injured. This court will not substitute its judgment for that of the trier of fact where credibility and weight of the evidence are concerned. Given the testimony and evidence presented, a reasonable trier of fact could find the appellant guilty beyond a reasonable doubt; therefore, appellant's second assignment of error is overruled.
 {¶ 21} "III. Capri Lewis Was Deprived Of Her Constitutional Right To A Fair Trial Before A Jury When The Trial Court Refused To Give A Properly Requested Jury Instruction On A Lesser Included Offense."
 {¶ 22} The trial court should give an instruction on a lesser included offense only when the evidence warrants it. State v. Johnson
(1988), 36 Ohio St.3d 224, 226. The trial court must charge the jury on a lesser included offense only when the evidence would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense. State v. Thomas (1988), 40 Ohio St.3d 213 at ¶ 2 of the syllabus. For example, a trial court will give an instruction on the lesser included offense of involuntary manslaughter in a murder trial only when the jury could reasonably find against the state on the element of purposefulness and still find for the state on the defendant's act of killing another. However, an instruction is not warranted every time "some evidence" is presented on a lesser included or inferior degree offense. State v. Shane (1992), 63 Ohio St.3d 630, 632-33.
 {¶ 23} Crim.R. 30 provides that a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict. State v.Hampton (Aug. 25, 1994), Cuyahoga App. 65786. Absent plain error, the failure to object to a court's failure to instruct the jury on a lesser included offense is a waiver of the issue on appeal. State v. Underwood
(1983), 3 Ohio St.3d 12, 13, 444 N.E.2d 1332.
 {¶ 24} Trial counsel for appellant made a request mid-trial that an instruction on the lesser included offense of "reckless harm" be given to the jury. Unfortunately, there is no such offense, and trial counsel failed to object to the final jury instructions. In fact, when directly addressed by the court, trial counsel expressed no objections to the jury instructions issued. In reviewing the instructions with which the jury was charged, we find no plain error; thus, this assignment of error is overruled.
 {¶ 25} "IV. Capri Lewis Was Deprived Of Her Constitutional Right To Effective Assistance Of Counsel Both By Her Trial Counsel's Failure To Preserve The Record For appeal And By Failing To Request An Appropriate Jury Instruction On A Lesser Included Offense."
 {¶ 26} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 27} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
 {¶ 28} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that:
 {¶ 29} "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." Statev. Lytle (1976), 48 Ohio St.2d 391, 396-397, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v.Washington (1984), 466 U.S. 668.
 {¶ 30} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *.
 {¶ 31} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley, supra, at 141, 142.
 {¶ 32} Pursuant to our review of the record presented, we find the performance of appellant's trial counsel was neither flawed nor deficient, nor was appellant prejudiced by either of the errors argued today. As discussed above, the Howard charge issued to the jury was appropriate and did not prejudice the defendant. Therefore, failure to object to said charge does not amount to ineffective assistance of counsel. Further, the evidence in this case was legally sufficient and reasonably supported a charge of felonious assault; the trial court was not mandated to instruct the jury on any lesser included offense. Trial counsel's performance, even if it was ineffective, did not prejudice the appellant, and this assignment of error is overruled.
Judgment affirmed.
Sean C. Gallagher, J., And James D. Sweeney*, J., Concur.
* Sitting By Assignment: Judge James D. Sweeney, Retired, Of The Eighth District Court Of Appeals.